UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

RAYMOND L. HICKS,

    Plaintiff,

v.

LAWRENCE A. WHIPPLE, JR.,
WHIPPLE LAW P.A., and
MSW CAPITAL, LLC,

    Defendants.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants mailed a letter into this District.

## PARTIES

3. Plaintiff, RAYMOND L. HICKS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, Lawrence A. Whipple, Jr., is a natural person, and citizen of the State of Florida, residing in Lee County, Florida at Apartment 213, 2230 First Street, Fort Myers, Florida 33901

5. Lawrence A. Whipple, Jr., is listed in the Florida Department of State Division of Corporations records as the president of WHIPPLE LAW P.A.

6. Lawrence A. Whipple, Jr., is a member of the New Jersey Bar.

7. Lawrence A. Whipple, Jr., is not a member of the Florida Bar.

8. Lawrence A. Whipple, Jr., is listed in the Florida Department of State Division of Corporations records as a member of MSW CAPITAL, LLC.

9. At all times material to this complaint, Lawrence A. Whipple, Jr., was ***not*** registered with the Florida Office of Financial Regulation as a consumer collection agency.

10. Lawrence A. Whipple, Jr., regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

11. Lawrence A. Whipple, Jr., regularly collects or attempts to collect debts for other parties.

12. Lawrence A. Whipple, Jr., is a "debt collector" as defined in the FDCPA.

13. Lawrence A. Whipple, Jr., is a principal of, manages, and controls the activities of WHIPPLE LAW P.A. and MSW CAPITAL, LLC and approved the actions complained of herein.

14. Defendant, WHIPPLE LAW P.A., ("Whipple") is a corporation formed under the laws of the State of New Jersey and citizen of the State of New Jersey with its principal place of business at 233 Mount Airy Road, Baskin Ridge, New Jersey 07920.

15. Whipple is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is Cogency Global Inc., Suite 4, 115 North Calhoun Street, Tallahassee, Florida 32301.

16. At all times material to this complaint, Whipple was *not* registered with the Florida Office of Financial Regulation as a consumer collection agency.

17. Whipple regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

18. Whipple regularly collects or attempts to collect debts for other parties.

19. Whipple is a "debt collector" as defined in the FDCPA.

20. Defendant, MSW CAPITAL, LLC, ("MSW") is a limited liability company formed under the laws of the State of Florida and citizen of the State of Florida with its principal place of business at Suite 750, 1900 Main Street, Sarasota, Florida 34236.

21. MSW is registered with the Florida Department of State Division of Corporations as a domestic limited liability company. Its registered agent for service of process is Cogency Global Inc., Suite 4, 115 North Calhoun Street, Tallahassee, Florida 32301.

22. Lawrence A. Whipple, Jr., is listed in the Florida Department of State Division of Corporations records as a member of MSW.

23. MSW is registered with the Florida Office of Financial Regulation as a consumer collection agency.

24. MSW regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

25. MSW is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

26. Plaintiff incurred an alleged debt with Sunbelt Credit in the form of financing for an automobile which Plaintiff used for his own personal, family and household purposes, the "alleged debt".

27. Plaintiff's alleged debt with Sunbelt Credit went into default.

28. MSW thereafter acquired the alleged debt.

29. MSW retained Whipple for the purpose of collecting the alleged debt.

30. At all times material to this complaint, Whipple was ***not*** registered with the Florida Office of Financial Regulation as a consumer collection agency.

31. The Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") requires out-of-state debt collectors to first register with the Florida Office of Financial Regulation prior to attempting to collect debts from Florida residents.

32. Whipple is an out-of-state debt collector as defined by the FCCPA.

33. In the absence of a valid registration as a debt collector, Whipple is prohibited by the FCCPA from communicating, whether directly or indirectly, with Florida residents, in an effort to collect a consumer debt.

34. Whipple communicated with Plaintiff in violation of the FCCPA.

4

35. The FCCPA provides for criminal penalties.

36. Attempting to collect a consumer debt from a Florida resident without a valid debt collector registration is a crime.

37. Whipple's mailing of collection letters to Plaintiff are a criminal act.

38. The FCCPA exempts members of the Florida Bar from registration.

39. The Florida Department of State Division of Corporations lists Lawrence A. Whipple, Jr., Esq. as Whipple's president.

40. Lawrence A. Whipple, Jr., Esq. is not a member of the Florida Bar.

41. Krystal Nethken, Esq., whose name is listed on Whipple's collection letters, is not a member of the Florida Bar.

42. A search of Florida Bar members employed by Whipple reveals no such attorneys.

43. Whipple is not exempt from the registration requirements of the FCCPA by virtue of membership in the Florida Bar.

44. Both Whipple and MSW are under the common control and or ownership of Lawrence A. Whipple, Jr., Esq. who is a member of the New Jersey, but not the Florida Bar.

45. Lawrence A. Whipple, Jr., Esq. knows of the registration requirements of the FCCPA because he is an attorney with decades of experience as a debt collector, is a principal of MSW who is registered as a consumer collection agency yet his Whipple, of which he is president, is not registered suggesting Whipple's lack of registration is knowing and intentional.

46. On or about December 21, 2017, Whipple mailed a letter ("the collection letter") to Plaintiff seeking to collect the alleged debt on MSW's behalf, attached as Exhibit "A".

47. Plaintiff received the letter shortly thereafter.

48. The letter was the first communication Plaintiff received from Whipple regarding the alleged debt.

49. On information and belief, the letter was the first communication Whipple sent to Plaintiff regarding the alleged debt.

50. The collection letter states:

> This is to notify you that your account with Sunbelt Credit, account #8115000008, with a charge off date on April 27, 2015 and an original creditor balance of $627.69 has been purchased by MSW Capital, LLC and has been placed with the law firm of Whipple Law. P. A. for collection.

*Collection letter* dated December 21, 2017

51. The quoted sentence is the only reference in the letter to the amount of the alleged debt.

52. The collection letter states the original creditor balance as $627.69.

53. The collection letter does not state the amount of the debt due to the current creditor, MSW.

54. The FDCPA requires a debt collector to state the amount of the debt in its initial communication with a consumer. 15 U.S.C. §1692g.

55. The representations of debt collectors are governed by the "least sophisticated consumer" standard. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175

(11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of least sophisticated consumer…" (internal quotations and citations omitted).

56. Based upon the language of the collection letter, the least sophisticated consumer cannot not determine the amount of the debt and would be left to guess whether the current amount of the debt was $627.69 or some other amount.

57. Plaintiff's understanding of the terms of his agreement with Sunbelt Credit establishing the alleged debt is that the agreement provided for the addition of interest and that interest was accruing on the alleged debt.

58. Whipple's letter is silent on the issue of interest.

59. The collection letter does not state whether the current creditor, MSW, will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

60. If the alleged debt is accruing interest, Whipple has failed to inform Plaintiff of this fact.

61. If the alleged debt is not accruing interest, Whipple has still left the amount of the debt in doubt, because Whipple does not say whether the $627.69 set forth will be accepted as full payment or not. The Second Circuit has held:

> We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the

7

consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

*Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72 * (2d Cir. N.Y. Mar. 22, 2016)

62. One court in this district has agreed with the rationale of *Avila,* holding in a case based upon a similar letter:

Based on the wording of the Collection Letters, if Plaintiff were to remit the "account balance" shown on the Letters, she would [*10] not know whether she had paid the debt in full. Thus, Plaintiff has adequately alleged a violation of § 1692e.

*Pimentel v. Nationwide Credit, Inc*., 2017 U.S. Dist. LEXIS 188068 * (S.D. Fla. Nov. 9, 2017)

63. Whipple deceptively and misleadingly stated the amount of the alleged debt.

64. MSW and Lawrence A. Whipple, Jr., are jointly liable to Plaintiff for Whipple 's violations of the FDCPA because they are also a debt collectors. See <u>Pollice v. National Tax Funding, L.P.</u>, 225 F.3d 379, 405 (3d Cir. Pa. 2000); <u>McCorriston v. L.W.T., Inc</u>., 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); <u>Schutz v. Arrow Fin. Servs., LLC</u>, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

## COUNT I
## USE OF CRIMINAL MEANS TO COLLECT A DEBT

65. Plaintiff incorporates Paragraphs 1 through 64.

66. By attempting to collect a debt while not registered with the Florida Office of Financial Regulation, Whipple engaged in criminal means in an effort to collect a debt, in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO STAT THE AMOUNT OF THE DEBT

67.    Plaintiff incorporates Paragraphs 1 through 64.

68.    By stating only the amount due to the original creditor years ago, Whipple's collection letter fails to state the amount of the debt due the current creditor, in violation of 15 U.S.C. §1692g.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## DECEPTIVE AND MISLEADING STATEMENT OF THE AMOUNT OF THE DEBT

69.    Plaintiff incorporates Paragraphs 1 through 64.

70.    Whipple's collection letter deceptively and misleadingly states the amount of the debt by failing to disclose whether the balance may increase due to interest and by failing to disclose whether MSW will accept payment of the stated amount in full

satisfaction of the debt if payment is made by a specified date, in violation of 15 U.S.C. §1692e.  *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff
    Post Office Box 11842
    Ft. Lauderdale, FL 33339
    Telephone: 954-537-2000
    Facsimile: 954-566-2235
    don@donyarbrough.com

By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658